UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL MILHOMME,

    Petitioner,

v.                            Case No:   2:13-cv-696-FtM-29DNF
                                Case No:   2:12-cr-23-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #74)[1] filed on September 27, 2013.  The government filed a Response in Opposition to Motion (Cv. Doc. #7) on November 15, 2013.

While petitioner refers to his petition as being for a writ of error coram nobis, it is actually a petition under 28 U.S.C. § 2255.  Petitioner is no longer imprisoned, having completed his eighteen month sentence, but is currently under supervised release.  A defendant serving a term of supervised release is "in custody" for purposes of Section 2255.  <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997).

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On February 15, 2012, a federal grand jury in Fort Myers, Florida returned a two-count Indictment charging petitioner with knowing possession of an unregistered firearm (Count One) and knowing transfer of an unregistered firearm (Count Two). (Cr. Doc. #3.) Petitioner pled guilty to Count One pursuant to a Plea Agreement (Cr. Doc. #57) which stated he was pleading guilty to "possession of an unregistered National Firearms Act (NFA) firearm". (Id.) On March 18, 2013, the Court sentenced petitioner to a term of 18 months imprisonment, followed by a term of three years supervised release. (Cr. Doc. #71.) Judgment was filed on March 19, 2013. (Cr. Doc. #72.) Defendant did not file a direct appeal.

**II.**

Petitioner's timely § 2255 motion asserts that his guilty plea must be set aside because his attorney provided insufficient or incorrect advice regarding the immigration consequences of his guilty plea. Petitioner states that his former attorney "assured him that the plea deal worked out with the prosecutor and if accepted by the court, would not affect his immigration status because his country of birth [Haiti] were not accepting deportees because of the condition of the country due to the aftermath of the earthquake." (Cv. Doc. #2, p. 3.) Petitioner asserts this was not true because the Department of Homeland Security is now

using the conviction to seek his removal from the United States. (Id.)  Petitioner further asserts that his attorney did not explain to him the ramifications of pleading guilty (Id. at 4), and that at the time of his plea "he had no knowledge that he would be removed from this country and away from his United States kids/family" (Id. at 5).  Petitioner asserts "that had counsel duly informed him that his conviction could trigger a National Firearm Act violation, he would not have entered a plea of guilty and would have instead gone to trial."  (Id.)

### III.

The record in this case reflects the following:  Petitioner was charged in a two-count Indictment (Cr. Doc. #3) with knowing possession of an unregistered firearm (Count One) and knowing transfer of an unregistered firearm (Count Two).  (Cr. Doc. #3.) Petitioner was initially represented by the Federal Public Defender's Office.  At the May 1, 2012, arraignment and detention hearing, the Assistant U.S. Attorney (AUSA) stated that if petitioner was convicted "he will be subject to deportation, and it is my understanding from speaking with Immigration and Customs Enforcement that criminal deportations have resumed with Haiti, non-criminal have been suspended."  (Cr. Doc. #18, p. 7.)  The Order of Detention stated that petitioner "is subject to deportation if convicted in this matter" and that "[b]ased upon the likelihood of deportation, the nature of the charges and the

evidence . . . the Defendant is not a good candidate for release." (Cr. Doc. #14, p. 1.)  Petitioner filed an appeal from the Order of Detention, and in the Order affirming detention the district court stated:  "If convicted of the charged offenses, defendant is subject to removal from the United States to Haiti."  (Cr. Doc. #27, p. 2.)

Retained counsel filed a Notice of Appearance on June 19, 2012.  (Cr. Doc. #31.)  On November 5, 2012, a Plea Agreement (Cr. Doc. #57) was filed in which petitioner agreed to plead guilty to Count One, possession of an unregistered National Firearms Act (NFA) firearm, with Count Two being dismissed.  The Plea Agreement did not discuss deportation or removal.  At the November 8, 2012, change of plea proceedings, the magistrate judge placed petitioner under oath and elicited that he was not a citizen of the United States but was a citizen of Haiti.  (Cr. Doc. #76, pp. 3-4.) Petitioner said he had reviewed the indictment, discussed it with his attorney, and was satisfied with his attorney's services. (Id. at 5.)  In connection with the explanation of the maximum penalties, the magistrate judge told petitioner "You may be subject to deportation since you are a citizen of Haiti."  (Id. at 12.) The magistrate judge later asked "Mr. Milhomme, has your attorney talked to you about the issue of deportation?", to which petitioner responded "yes".  (Id. at 13.)  The magistrate judge further explained that whether or not petitioner was subject to

deportation, he would be placed on supervised release, and if he was then deported, his period of supervision would run whether he was in the country or not. (Id.) Petitioner said he understood, and further understood that if he re-entered the country illegally it would be a violation of supervised release. (Id.)

At the March 18, 2013, sentencing, the Court imposed an 18 month term of imprisonment, followed by three years supervised release. (Cr. Doc. #78, pp. 16-17.) Petitioner was told that if he was deported he was required not to re-enter the United States without the express permission of the United States government. (Id. at 17.)

**IV.**

In Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. Padilla defined the scope of a criminal defense attorney's duty to advise his non-citizen client about the immigration consequences of a guilty plea: "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." Id. at 369 (footnote omitted). Padilla also

held, however, that a prisoner must "[s]urmount[ ] [a particularly] high bar" to obtain a writ of habeas corpus on his claim of ineffective assistance of counsel. Id. at 371.

The record establishes that defendant knew from the beginning of the court process that he was subject to removal, having been told at various times by the Court, the AUSA, and his retained attorney. The issue was whether removal was likely in light of the earthquake in Haiti. Retained counsel provided her opinion, and the AUSA had previously provided his understanding of the situation. With this information, petitioner decided to plead guilty, as was his right. There is no basis to find ineffective assistance of counsel under the circumstances of this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #74) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this _____ day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Emmanuel Milhomme
Counsel of record